THOMAS BARRY *vs.* NELSON VIALL.

A resolution of the General Assembly authorizing a poor tort debtor to take the poor debt-
  or's oath, with the same effect as if he had been committed to jail for a contract debt, is
  not a statute within the meaning of Gen. Stat. R. I. cap. 22, § 19, which prescribes the
  time when statutes shall take effect.

DEBT. Heard by the court, jury trial being waived.

*January* 5, 1878. POTTER, J. This is an action against the keeper of the Providence county jail for suffering the escape of one Donavan, who was committed to jail on execution in an action for trespass at the suit of the present plaintiff.

June 2, 1875, the General Assembly passed a resolution on Donovan's petition, authorizing him to have a citation served on Barry, the committing creditor, and on its return before any justice authorized to administer the poor debtor's oath, if it was made to appear to said justice that he had no property, &c., &c., he was to be admitted to take the oath with like effect as if committed for simple contract debt.

It is contended by the plaintiff that this resolution did not take effect until the tenth day after the rising of the General Assembly, and the plaintiff relies on Gen. Stat. R. I. cap. 22, § 19, which provides that every *statute*, unless it is otherwise provided, shall take effect on the tenth day next after the rising of the assembly. The General Assembly adjourned June 25.

No question excepting this is raised as to the proper service of the citation. On its return, June 15, all being before the rising of the assembly, there was no appearance for the creditor, the present plaintiff. The poor debtor's oath was administered to Donovan by John R. Randolph, Esq., whose authority as a magistrate having power to administer the oath in such cases is not denied, and on the certificate of said magistrate being produced, Donovan was discharged.

No question is made but that the prisoner produced to the jailer the proper certificate from the magistrate who had jurisdiction of that class of cases. Upon the production of that certificate the jailer was required by Gen. Stat. R. I. cap. 215, § 13, to forthwith discharge him. He had no discretion. We cannot hold that he was bound to look beyond it any further than to see

that the magistrate giving the certificate had jurisdiction. The jailer has no control over the citation, and the hearing may not always be at the jail. The creditor was properly notified, and if he neglected to appear at the hearing, he cannot afterwards be admitted to make any objection he might have made then.

And we cannot consider the word statute in the act as including resolutions of the sort now before us. Such has never been the practical construction of the act. And to set up such a construction now would introduce confusion, and lay the foundation of a great deal of litigation.

It is claimed also that the creditor consented to the discharge. It is not necessary now for us to pass upon this.

*Judgment for the defendant for his costs.*

*Stephen Essex,* for plaintiff.

*Nicholas Van Slyck & Erwin T. Case,* for defendant.